UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| LEVARST HULLETT, JR.,    ) | |
| ) | |
| Plaintiff,    ) | Case No. 1:06-cv-76 |
| ) | |
| v.    ) | Honorable Richard Alan Enslen |
| ) | |
| EARNEST L. WHITE,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

**OPINION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the Deerfield Correctional Facility. He is serving a sentence of two to twenty-one years that was imposed by the Berrien County Circuit Court on October 31, 2005, after Plaintiff pled guilty to uttering and publishing. In his *pro se* Complaint, Plaintiff sues his appointed defense counsel, Earnest L. White. Plaintiff claims that Defendant coerced his guilty plea through threats and intimidation. He further accuses Defendant of "case fixing, misrepresentation, conspiracy, threatening, intimidation, cruel and unusual punishment, racist, prejudice, retaliation, personal vendetta, discrimination . . ." For relief, Plaintiff seeks damages of twenty-one million dollars.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff cannot show that his court-appointed attorney acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system, a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will

> ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which State office and authority are not needed.

454 U.S. at 318-19. The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Pagani-Gallego v.Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998). Because Plaintiff's court-appointed attorney does not act under color of state law, no claim under § 1983 can be maintained against him.

To the extent that Plaintiff asserts a claim of legal malpractice, such a claim arises solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion*

*Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-*2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:    /s/ Richard Alan Enslen
     February 21, 2006          RICHARD ALAN ENSLEN
                                SENIOR UNITED STATES DISTRICT JUDGE